IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LEONARD WOOD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 3:01-CV-2103-L |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner David Leonard Wood ("Petitioner" or "Wood"), an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID" or "Respondent"), by and through his counsel of record, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On June 4, 2004, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, in which the magistrate judge recommended that the court deny Wood's § 2254 petition for writ of habeas corpus. Wood filed objections on September 17, 2004. For the reasons stated herein, the court is of the opinion that the Findings, Conclusions and Recommendation of the United States Magistrate Judge are correct and hereby accepts them as those of the court. Petitioner's objections are overruled.

## I.      Factual History and Procedural Background

The facts of this case are set forth in detail by the Texas Court of Criminal Appeals in its unpublished slip opinion on direct appeal, upon which the magistrate judge also relied.  *See Wood v. State*, No. 71,594 (Tex. Crim. App. Dec. 13, 1995); *see also* Findings, Conclusions and Recommendation of the United States Magistrate Judge at 6-8 (hereinafter "Findings and Recommendation").  The court repeats or adds to that discussion only those facts, trial evidence and procedural history necessary to understand the court's disposition of Petitioner's objections to the Findings and Recommendation of the magistrate judge and the court's disposition of the habeas petition.

This case stems from the disappearances of six women from the El Paso, Texas area between May 13, 1987 and August 27, 1987.  Between September 4, 1987 and March 14, 1988, the bodies of these women were found buried in shallow graves in the same desert area northeast of El Paso. Five of the bodies were located in the same one by one-half mile area; the sixth was three-quarters of a mile away.  All of the bodies were approximately 30 to 40 yards from one of the dirt roadways in the desert.  Four of the bodies were in various states of undress, indicating that the killer had sexually abused them.  Five of the victims were seen by witnesses on the day of their disappearance accepting a ride from a man with either a red Harley-Davidson motorcycle or a beige pickup truck, matching the two vehicles owned by Petitioner.  Petitioner's girlfriend testified that he owned a burnt orange blanket and some shovels, all of which he kept in the back of his pickup truck.  A forensic chemist later testified at trial that orange fibers found on the clothing of one of the victims matched orange fibers taken from a vacuum cleaner bag which Petitioner and his girlfriend had left in their old apartment.

**Memorandum Opinion and Order – Page 2**

Petitioner's cell mate, Randy Wells, testified that Petitioner told him about the murders, describing his victims as topless dancers or prostitutes. Petitioner told him that he would lure each girl into his pickup truck with an offer of drugs, drive out to the desert, tie her to his truck, and dig a grave. Next, he would tie the victim to a tree and rape her. Another cell mate, James Carl Sweeney, Jr., testified at Petitioner's trial that Wood had shown him numerous clippings about the El Paso, Texas murders and had confessed to him that he was the one who had committed the murders.

The testimony of Judith Kelly ("Kelly") regarding an extraneous criminal offense committed by Petitioner played a crucial role at the guilt phase of the trial and in the opinion of the Court of Criminal Appeals. Kelly, a prostitute and heroin addict, testified that in July 1987 she had been walking outside of a convenience store in the northeast part of El Paso when a man identified as Wood, and matching his description, asked if she needed a ride. She accepted his offer but Wood did not take her home as directed. Instead, he stopped at an apartment complex and went inside. When he returned, a piece of rope was hanging from one of his pockets. Petitioner drove northeast of town toward the desert, and after driving around the area for a period of time, stopped the truck, got out, and ordered Kelly out as well. She saw him get a "brownish red" blanket and shovel from the back of his truck. After tying her to the front of his truck with the rope, Petitioner proceeded to dig a hole behind some bushes. Ten or fifteen minutes later he returned with the blanket and began ripping her clothes and forcing her to the ground. Upon hearing voices, Petitioner ordered Kelly to get back in the truck. Wood drove to a different location in the desert where he stopped his truck again, ordered Kelly out, spread the blanket on the ground, and forced the victim to remove her clothes. He gagged her, tied her to a bush, and raped her. Immediately afterwards, Petitioner stated

that he heard voices, and hastily threw his belongings back into the truck and drove away, leaving Kelly naked in the desert. His final words to her were, "[A]lways remember, I'm free."

On November 30, 1992, Petitioner was convicted by a jury of capital murder, and was sentenced to death by lethal injection. *See State v. Wood*, No. 58486-171 (Criminal District Court No. 5 of Dallas County, Texas Nov. 30, 1992).[1] Petitioner appealed his conviction and sentence to the Texas Court of Criminal Appeals, which affirmed his conviction and death sentence in an unpublished opinion. *See Wood v. State*, No. 71,594 (Tex. Crim. App. Dec. 13, 1995). Petitioner filed a state application for writ of habeas corpus on December 19, 1997. The Court of Criminal Appeals denied relief in an unpublished order. *See Ex Parte Wood*, No. 45,746-01 (Tex. Crim. App. Sept. 19, 2001). Petitioner then filed an initial federal petition for writ of habeas corpus on May 6, 2002, and an amended petition on October 2, 2002. Respondent filed an answer on March 25, 2003, and furnished the state court records.

## II.     Standard of Review in Federal Habeas Proceedings

As set forth by the magistrate judge, the standard of review in federal habeas proceedings is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1]Petitioner was indicted for committing capital murder in El Paso County, Texas, but his case was tried in Dallas County, Texas, pursuant to a successful motion for change of venue filed by the defense.

> (2)      resulted in a decision that was based on an
> unreasonable determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d) (2005). *See* Findings and Recommendation at 4-5. This statute applies to all

federal habeas corpus petitions filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 327

(1997). For purposes of brevity, the court will not reiterate the applicable standard of habeas review

under § 2254(d), as the magistrate judge set forth the law in full. *See* Findings and Recommendation

at 4-5.

**III.     Petitioner's Grounds for Habeas Relief**

The magistrate judge found that Petitioner had raised thirteen broad issues in forty grounds

for relief, which the magistrate judge summarized as follows:

1.      Petitioner's rights under the Sixth Amendment were violated because he was denied his right

to a speedy trial and because both his trial and appellate counsel were ineffective in their

representation of this issue (grounds one and two);

2.      Petitioner was denied his due process rights under the Fourteenth Amendment because the

indictment against him was fundamentally defective, and his trial and appellate counsel were

ineffective in their representation of Petitioner on this issue (grounds three and four);

3.      The Texas statute under which Petitioner was convicted violated his due process rights under

the Fourteenth Amendment because it does not provide for the definition of certain terms in

the jury instructions, and trial counsel were ineffective for not requesting that certain terms

be defined for the jury (grounds five through nine);

4.      Petitioner's rights to due process, equal protection, and a fair trial under the Fourteenth

Amendment and his right under the Eight Amendment to be free from cruel and unusual

punishment were violated because of the non-statutory mitigation special issue given to the jury at the punishment phase of the trial, and trial counsel were ineffective in failing to object to the issue and preserve error on appeal (grounds ten through fourteen);

5.    Petitioner's rights under the Sixth and Fourteenth Amendments were violated because of the method used to submit challenges for cause, because the trial court erred in overruling certain defense challenges for cause, and because trial and appellate counsel were ineffective in their representation of Petitioner on these issues (grounds fifteen through twenty-one);

6.    Petitioner's rights under the Sixth and Fourteenth Amendments were violated because the State presented the false testimony of Carl Sweeney and Randy Wells at trial, because the State obtained this testimony through the payment of money or benefits, and because trial counsel were ineffective in failing to object to the false testimony given by these witnesses (grounds twenty-two through twenty-six);

7.    The attorney-client privilege or its equivalent should be extended to conversations between jailhouse lawyers and their inmate clients (grounds twenty-seven and thirty-nine);

8.    Petitioner's rights under the Sixth and Fourteenth Amendments were violated because of the admission of testimony regarding fiber evidence found at one of the crime scenes and because his trial counsel were ineffective in failing to object to this evidence (grounds twenty-eight through thirty-one);

9.    The evidence is insufficient to support Petitioner's conviction for capital murder (grounds thirty-two and forty);

10.   Petitioner's rights under the Sixth and Fourteenth Amendments were violated because of the admission of an extraneous offense into evidence at trial and because Petitioner's trial

counsel was ineffective in failing to object to the admission of this evidence (grounds thirty-three and thirty-four);

11.     Petitioner's rights under the Sixth and Fourteenth Amendments were violated because the verdict form used at the guilt phase was not sufficiently specific and because trial counsel were ineffective for failing to object to the verdict form (grounds thirty-five and thirty-six);

12.     Petitioner's right to due process was denied because the Texas Court of Criminal Appeals did not authorize the appointment of experts to assist Petitioner in his state post-conviction procedures (ground thirty-seven); and

13.     Both article 11.071 of the Texas Code of Criminal Procedure and 28 U.S.C. § 2254 are unconstitutional as applied to Petitioner because of the time limits they place on the filing of habeas petitions (ground thirty-eight).

## IV.     Findings and Recommendation of the Magistrate Judge

After considering Petitioner's forty grounds for habeas relief, Respondent's Answer, the record and the applicable law, the magistrate judge recommended that, with the exception of the twenty-seventh and thirty-ninth grounds for relief, Wood's petition for writ of habeas corpus should be denied on the merits. *See* Findings and Recommendation at 66. Specifically, the magistrate judge found that Petitioner had failed to meet the standards for federal habeas relief under the AEDPA:

> [T]he state court adjudication on the merits on the claims presented to the state court neither resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.*

As to Petitioner's fifth through ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth grounds for relief, although he ultimately recommended that these claims be denied on the merits,[2] the magistrate judge also recommended that they be dismissed as procedurally barred, since Petitioner had failed to exhaust his state remedies. *See id.* at 8-11.

As to Petitioner's twenty-seventh and thirty-ninth grounds for relief, namely that the attorney-client privilege should be extended to conversations between jailhouse attorneys and their inmate clients, the magistrate judge recommended dismissal of these grounds as procedurally barred, because they were denied at the state level on an independent and adequate state law ground. *Id.* at 9-10, 66.

Petitioner has filed objections to the magistrate judge's Findings and Recommendation. The court will first address Petitioner's objections to the magistrate judge's findings and recommendation that certain of his habeas claims should be dismissed as procedurally barred and then will address Petitioner's objections to the magistrate judge's findings and recommendation that certain of his habeas claims should be denied on the merits.

---

[2]*See* Findings and Recommendation at 10 (citing 28 U.S.C. § 2254(b)(2)) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

**Memorandum Opinion and Order – Page 8**

V.     **Discussion**

      A.     **Petitioner's Objections to Magistrate Judge's Findings and Recommendation That Certain of His Habeas Claims Should be Dismissed as Procedurally Barred**

            1.     **Petitioner's Twenty-Seventh and Thirty-Ninth Grounds for Habeas Relief**

Petitioner objects to the magistrate judge's finding and recommendation that his twenty-seventh and thirty-ninth grounds for habeas relief should be dismissed as procedurally barred. *See* Objec. at 10-12.  The court overrules these objections for the reasons stated below.

To briefly reiterate, in his twenty-seventh and thirty-ninth grounds for relief, Petitioner claims that his due process and equal protection rights under the Fourteenth Amendment were violated because the trial court permitted Carl Sweeney, his purported jailhouse lawyer, to testify against him at trial, when information he gave Sweeney regarding any involvement in the murders should have been protected by the attorney-client privilege.  Petitioner claims that the attorney-client privilege or its equivalent should be extended to conversations between jailhouse lawyers and their client inmates.

The magistrate judge recommended that these claims be dismissed as procedurally barred since the Court of Criminal Appeals denied the claims on adequate and independent state grounds, namely, the Texas contemporaneous objection rule. *See* Findings and Recommendation at 10 (and cases cited therein).

In his Objections, Petitioner admits that the magistrate judge correctly stated the law, as applied to these claims: "The Court correctly cites [the law] that the Texas contemporaneous objections rule serves as a denial on an independent and adequate basis under state law and thereby acts as a complete bar to these claims."  Objec. at 11 (internal citations omitted).  Petitioner

nevertheless contends that the court should sustain his objections to the magistrate judge's finding since "the law has an unfortunate consequence in totally denying habeas review of constitutional errors which were not raised by ineffective trial counsel." *Id.* Petitioner argues that such an application of the procedural default rule would amount to a "fundamental miscarriage of justice" since:

> This case clearly and primarily stands on the alleged confessions of the Petitioner as relayed to the trial court by these nefarious "do-gooders" with deals to cut and money to be made. The dangers inherent in permitting this kind of testimony from persons whose credibility cannot be determined and who have so much to gain with their testimony, has been clearly set forth in the petition and the Petitioner asserts that denial of the right to be heard on this matter will allow a fundamental miscarriage of justice to remain.

*Id.* at 11-12. Petitioner's objections are overruled.

Federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Harris v. Reed*, 489 U.S. 255, 265 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995). The Texas contemporaneous objection rule constitutes an independent and adequate state ground that procedurally bars federal habeas review of a petitioner's claim. *Rowell v. Dretke*, 398 F.3d 370, 375 (5th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 103 (2005).

Because Petitioner defaulted on this federal claim in state court pursuant to an independent and adequate state procedural rule, this court may not review it unless Petitioner can demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (citing *Coleman*, 501 U.S. at 750). To show cause, a

**Memorandum Opinion and Order – Page 10**

petitioner must demonstrate "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  To show prejudice, the petitioner must demonstrate "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982) (original emphasis).  With regard to establishing cause, Wood has failed to present evidence of such an external factor. *See generally Murray*, 477 U.S. at 488 (elaborating external factors sufficient to establish "cause").  He has also failed to establish "prejudice."  Alternatively, to meet the "narrow exception" of demonstrating a  "fundamental miscarriage of justice," a petitioner in a capital sentencing context must establish "actual innocence," that is, a showing by "clear and convincing evidence that, but for the constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Neville*, 423 F.3d at 480-81 (citation omitted).  Petitioner has adduced no evidence of "actual innocence."  He merely offers his own opinion that his conviction "clearly and primarily stands on the alleged confessions of the Petitioner as relayed to the trial court by these nefarious 'do-gooders' with deals to cut and money to be made."  Objec. at 11-12.  In short, Petitioner has established neither "cause" and "prejudice," nor "actual innocence."

For these reasons, as well as those set forth in the magistrate judge's Findings and Recommendation (*see* Findings and Recommendation at 9-11), the court **overrules** Petitioner's objections to the magistrate judge's findings and recommendation that his twenty-seventh and thirty-ninth grounds for relief should be dismissed as procedurally barred.

**Memorandum Opinion and Order – Page 11**

> **2.**     **Petitioner's Fifth Through Ninth, Eleventh, Twelfth, Fourteenth, Twenty-Second, Twenty-Third, Twenty-Sixth, Twenty-Ninth Through Thirty-First, and Thirty-Fourth Through Thirty-Sixth Grounds for Habeas Relief**

Petitioner "strongly objects" to the magistrate judge's finding that his fifth through ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth grounds for relief should be denied as procedurally barred. *See* Objec. at 12-14. The court overrules these objections.

After reviewing the record, the magistrate judge found that Petitioner failed to raise his fifth through ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth grounds for relief at the state level. *See* Findings and Recommendation at 8-9. He further found that if these claims were now brought in a subsequent state writ of habeas corpus, they would be procedurally defaulted under Article 11.071, § 5 of the Texas Code of Criminal Procedure. *Id.* Additionally, the magistrate judge found that the legal and factual claims presented in the grounds for relief that Petitioner failed to exhaust on the state level appeared to have been available to him at the time he filed his state habeas application, and that Petitioner did not argue otherwise. *Id.*

The gist of Petitioner's objection is that due to Texas's "flawed" and underfunded criminal justice system, which does not "allocate sufficient resources to the defense of capital cases," any assertion "that a federal death row habeas petition claim is procedurally barred because it was not raised in state court is nothing more than a cruel joke." Objec. at 13-14. According to Petitioner, his claim cannot be procedurally barred since such a flawed system constitutes "an absence of available State corrective process," and "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* at 12 (citing 28 U.S.C. § 2254(b)(1)).

"A state prisoner normally must exhaust all available state remedies before he can apply for federal habeas relief." *Nobles v. Johnson,* 127 F.3d 409, 419 (5th Cir.1997), *cert. denied*, 523 U.S. 1139 (1998). A procedural default occurs, however, "when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* at 420 (quoting *Coleman,* 501 U.S. at 735 n. 1). If Petitioner were to file a successive habeas petition in the Texas state courts, his application would be governed by article 11.071 § 5(a). *See id.* at 422. Section 5(a) "prohibit[s] a Texas court from considering the successive petition on the merits, unless it [meets] certain exceptions." *Id.* Petitioner in his objections does not even attempt to establish that an exception available under § 5(a) applies in this case. As Petitioner has failed to assert, let alone demonstrate, that an exception available under Article 11.071, § 5(a) of the Texas Code of Criminal Procedure applies in this case, the court **overrules** his objections to the magistrate judge's finding that Petitioner's fifth through ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth grounds for relief should be dismissed as procedurally defaulted.

### B.   Petitioner's Objections to Magistrate Judge's Findings that, with the Exception of the Twenty-Seventh and Thirty-Ninth Grounds for Relief, All of Petitioner's Grounds for Habeas Relief Should Be Denied on the Merits

#### 1.   Petitioner's First and Second Grounds for Habeas Relief

Petitioner has filed objections to the magistrate judge's Findings and Recommendation that his first and second grounds for habeas relief should be denied on the merits. The court overrules Petitioner's objections for the reasons set forth below.

In his first and second grounds for habeas relief, Petitioner claims that his rights under the Sixth Amendment were violated because he was denied his right to a speedy trial and because both

**Memorandum Opinion and Order – Page 13**

his trial and appellate counsel were ineffective in their representation of this issue. Specifically, as his first ground for habeas relief, Petitioner asserts that he suffered harm and that his speedy trial rights were violated by the delays in bringing his case to trial. He further contends that these delays were caused by the prosecutor's office rescinding a previous agreement to allow Petitioner's case to be an "open file" case, filing a writ of mandamus regarding the case file, and appealing the trial court's decision to suppress evidence seized by the police. Petitioner asserts that the delay was prejudicial to him since, among other things, the delay caused him to suffer anxiety regarding imposition of a possible death sentence, and that due to the delay he was unable to contact certain witnesses and  physical evidence was not preserved. In a related second ground for habeas relief, Petitioner claimed that the failure of his trial and appellate counsel to raise the speedy trial issue between the indictment and trial and on appeal constituted ineffective assistance of counsel.

> **a.** **Summary of Magistrate Judge's Findings and Recommendation as to Petitioner's First and Second Grounds for Habeas Relief**

The magistrate judge recommended that the court deny Petitioner's claim that he was denied his Sixth Amendment right to a speedy trial and deny his associated claim that his trial and appellate counsel were ineffective for failing to raise this issue at the trial and appellate levels. *See* Findings and Recommendation at 11-22.

The magistrate judge analyzed Petitioner's claim that he was denied his Sixth Amendment right to a speedy trial under the standards set forth in *Barker v. Wingo,* 407 U.S. 514 (1972). As stated by the magistrate judge: "Under this test, a court must balance the following four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) prejudice to the defendant." *See* Findings and Recommendation at 15 (citing *Barker*, 507 U.S. at 530). The magistrate judge further noted that under *Barker*:

**Memorandum Opinion and Order – Page 14**

> . . . delay that can be tolerated for a serious, complex charge is far
> greater than that for an "ordinary street crime" [,] [. . .] that failure of
> a defendant to assert his speedy trial right will make it difficult for
> him to prove that he was denied his right to a speedy trial and that,
> with regard to prejudice, the speedy trial right is designed to prevent
> oppressive pre-trial incarceration, minimize anxiety and concern, and
> limit the possibility that the defense will be impaired.

*Id.* (quoting *Barker*, 507 U.S. at 531).

Because more than one year had elapsed between Petitioner's indictment and his trial, the magistrate judge analyzed Petitioner's speedy trial act claim under all four prongs of *Barker*.  *Id.* (citing *United States v. Lucien*, 61 F.3d 366, 372 (5th Cir. 1995)) (delay of one year generally triggers speedy trial analysis under *Barker*).  Petitioner was indicted for capital murder on July 13, 1990. The original trial date was January 14, 1991.  The magistrate judge found that trial was delayed in large part by the defense's motion for continuance in November of 1990, after which the trial court continued the case from January of 1991 until September of 1991 because the defense experts were unable to be available and prepared for trial in January.  The defense also filed a motion to change venue in March 1992.  The magistrate judge found that a full year delay resulted from the efforts of defense counsel in representing their client.  He further found that any appeal filed by the State was within its rights to file an interlocutory appeal, and could not be considered dilatory.  Defense counsel at one point requested a two-year continuance, the same time period about which Petitioner later complained.  The magistrate judge found that the defense was responsible for the delay, which would have the effect of tolling the "speedy trial clock."  *Id.* at 18.  He also found that Petitioner had not established that the reasons for the delay were unreasonable, as required.  At no point during the two-year period between indictment and trial did Petitioner assert his right to a speedy trial; instead he raised it subsequent to his conviction.  The magistrate judge also found that prejudice was minimal, at best, considering that Petitioner was already in prison on a fifty-year sentence for

another offense when he was indicted for capital murder.  The magistrate judge found that there was no prejudice in the presentation of Petitioner's defense caused by the pretrial delay, and that the Petitioner was never prevented from fully investigating possible exculpatory claims, contrary to Petitioner's contentions.  *See id.* at 11-21.

The magistrate judge also examined Petitioner's claim that failure to raise the speedy trial issue between the indictment and trial and on appeal, constituted ineffective assistance of counsel. The magistrate judge, citing to  *Strickland v. Washington*, 466 U.S. 668 (1984),  found that Petitioner had not established that his attorneys were deficient or that he was prejudiced.   The magistrate judge went on to point out that trial counsel acknowledged that the delay caused by the State's appeal of the suppression order actually worked to Wood's benefit.  The magistrate judge concluded that no prejudice can be established since the Petitioner's Sixth Amendment right to a speedy trial was not violated at any step of the proceedings.  *Id.* at 21.

In short, with regard to grounds one and two, the magistrate judge concluded:

> In summation, Petitioner has failed to establish that the delay in his trial was for an impermissible or unreasonable reason, that it was done in an effort to harm the defense, that it was unwanted by the defense, or that it harmed the defense.  Petitioner's claim that he was denied his Sixth Amendment right to a speedy trial is without merit . . . At the state level, the state habeas court concluded that the pretrial delay was not unreasonable and that trial counsel were not ineffective for failing to raise the issue.  This is not an unreasonable application of federal law.  Petitioner's first and second grounds for relief are without merit, and it is recommended that they be denied.

*Id.* at 21-22.

### b.      Petitioner's Objections

In his Objections, Petitioner does not contest the magistrate judge's finding that the defense requested a two-year continuance, but blames the prosecution for creating the conditions which

**Memorandum Opinion and Order – Page 16**

made the motion for continuance necessary and asserts the prosecution is the real party responsible

for the delay.  *See* Objec. at 2 ("It is clear that counsel for the Petitioner did request a continuance

and that the two year time period was necessary for preparation of the case for trial, however, trial

counsel did not set up the facts which make the motion for continuance necessary, the state is

responsible for that.").

Petitioner's naked assertion that the prosecution is responsible for delay is insufficient.  To

the extent Petitioner is referring to the State closing its file, as the Eighth Court of Appeals

determined, the State's actions were proper and part of the blame regarding any discovery problems

lied with the defense.  *See State el rel. Simmons v. Peca*, 799 S.W.2d 426, 428-32 (Tex. App.–El

Paso, 1990).  Moreover, it is undisputed that, in addition to other motions it filed, Wood sought and

received an eight-month continuance to prepare his experts and in March 1992 filed a venue transfer

motion, casting further doubt on Petitioner's already dubious argument that the State's tactics caused

the delay.

With regard to prejudice, Petitioner in his objections contends that a great amount of anxiety

resulted from the delay because he was concerned over the possibility of a death sentence.  At the

time, Petitioner was already incarcerated pursuant to a fifty-year sentence.  That Petitioner was

already serving a fifty-year sentence for sexually assaulting Judith Kelly before he was even indicted

in this case renders this argument untenable.  *See Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir.), *cert.*

*denied*, 513 U.S. 886 (1994)).

Petitioner also claims that had the case been forced to trial sooner, DNA evidence that was

lost and witnesses that died during the interim would likely have been discovered and submitted to

the defense, thereby allowing the true killer to be located. As the magistrate judge properly found,

counsel for Defendant was not informed about certain witnesses until August 1991, not because of

**Memorandum Opinion and Order – Page 17**

a delay in his trial, but because prosecutors did not find out about the information until in or about July of 1991. *See* Findings and Recommendation at 19. With regard to DNA, the type of DNA testing at issue was only recently being used in a forensic setting. *Id.* and n.6 (and record citations therein).

In short, the court determines that the magistrate judge correctly applied the factors in *Barker v. Wingo,* 407 U.S. 514 (1972), and reached the correct conclusion. *See* Findings and Recommendation at 15. In a complex capital case, involving six alleged murder victims, the length of pretrial delay is not unreasonable. Further, the defense was responsible for much of the delay and cannot now be heard to complain about it. Finally, Petitioner's claims regarding the death of witnesses and loss of evidence are entirely speculative. In short, Petitioner has failed to demonstrate that he was subjected to oppressive pretrial incarceration or anxiety, or that his defense was impaired. Having examined the totality of the evidence and considering the *Barker* factors, and for the reasons set forth by the magistrate judge (*see* Findings and Recommendation at 11-21), the court **overrules** Petitioner's objections.

## 2. Petitioner's Third and Fourth Grounds for Habeas Relief

Petitioner has filed objections to the magistrate judge's Findings and Recommendation that his third and fourth grounds for habeas relief should be denied on the merits. The court overrules Petitioner's objections for the reasons set forth below.

In his third and fourth grounds for habeas relief, Petitioner asserts that he was denied his due process rights under the Fourteenth Amendment because the indictment filed against him was fundamentally defective, and his trial and appellate counsel were ineffective for failing to raise this issue either at trial or on appeal.

**Memorandum Opinion and Order – Page 18**

a.      Summary of Magistrate Judge's Findings and Recommendation
        as to Petitioner's Third and Fourth Grounds for Habeas Relief

The magistrate judge understood Petitioner's complaint to be that the indictment was defective because it failed to allege all of the elements of capital murder, in that it did not first allege first-degree murder under Texas law and then proceed to allege the elements of the capital murder statute under which Petitioner was tried. The magistrate judge correctly relied on *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993),which states that the sufficiency of a state charging instrument is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction over the case.

In this case, the state habeas court concluded that the indictment was not fundamentally defective because it alleged all of the elements of capital murder, and even if it failed to allege an element, it was still an indictment under state law. The Court of Criminal Appeals adopted this finding, thereby foreclosing the federal courts from addressing this issue. If the Texas Court of Criminal Appeals adopts a finding by the state habeas court that an indictment was not fundamentally defective, then the highest court in Texas has ruled on the issue. *See Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir.), *cert. denied*, 484 U.S. 838 (1987). The magistrate judge, in the alternative, found that even were the issue properly before him, the indictment was not fundamentally defective because it did not deprive the trial court of jurisdiction, and that it did in fact allege all of the elements of capital murder. The indictment successfully alleged that petitioner knowing and intentionally murdered more than one person in different criminal transactions pursuant to the same scheme and course of conduct and it alleged the specific victims Petitioner was alleged to have murdered.

Petitioner also claimed that his trial and appellate counsel were ineffective for failing to raise the issue that the indictment was fundamentally defective. The magistrate judge recommended that this argument be rejected, reasoning that trial counsel filed two motions to quash the indictment, and provided reasonably effective assistance of counsel by attacking the validity of the indictment in numerous ways.

In short, with regard to Petitioner's grounds three and four for habeas relief, the magistrate judge summarized his findings and recommendation as follows:

> Petitioner's trial and appellate counsel were not ineffective for failing to raise a meritless issue. At the state level, the state habeas court concluded that the indictment was not fundamentally defective and that trial counsel were not ineffective for failing to raise the fundamentally defective indictment issue, especially where trial counsel made a number of attacks on the indictment prior to trial. This is not an unreasonable application of federal law. Petitioner's third and fourth grounds for relief are therefore without merit, and it is recommended that they be denied.

Findings and Recommendation at 25 (internal citations omitted).

### b.      Petitioner's Objections

The Petitioner objects to the findings and recommendations related to his third and fourth grounds for relief. Petitioner contends that the indictment is fundamentally defective, as it fails to allege all of the elements of his offense. *See* Objec. at 5. Significantly, Petitioner does not object to the magistrate judge's statement that where the highest court in the state has denied the claim, the federal habeas court has no jurisdiction over the sufficiency issue unless the indictment is so fundamentally defective that it fails to provide the trial court with jurisdiction. Instead, Wood appears to be claiming that the state has created a liberty interest and therefore has an obligation to administer those rights in a fashion that complies with constitutional protections. The court overrules Petitioner's objections.

**Memorandum Opinion and Order – Page 20**

The state habeas court concluded that the indictment was not fundamentally defective because it alleged all of the elements of capital murder, and even if it failed to allege an element, it was still an indictment under state law.  The Court of Criminal Appeals adopted this finding.  *See Ex Parte Wood*, No. 45,746-01 (Tex. Crim. App. Sept. 19, 2001).   Where the Texas Court of Criminal Appeals adopts a finding by the state habeas court that an indictment is not fundamentally defective, then the highest court in Texas has ruled on the issue.  *See Millard*, 810 F.2d at 1407; *see also Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985).   As the magistrate judge correctly found, Petitioner's claim that the indictment against him was fundamentally defective has been decided adversely to him by the highest court in Texas, and this federal court is therefore foreclosed from addressing this issue.   *See* Findings and Recommendation at 23.   Accordingly, Petitioner's objections are **overruled**.

### 3.   Petitioner's Fifth through Ninth Grounds for Habeas Relief

In his fifth through ninth grounds for habeas relief, Petitioner contends that the Texas statute under which he was convicted violated his due process rights under the Fourteenth Amendment because it does not provide for the definition of certain terms in the jury instructions, and trial counsel were ineffective for not requesting that certain terms be defined for the jury.

The magistrate judge carefully considered these claims, and found that they were without merit and should therefore be denied.  *See* Findings and Recommendation at 26-28.[3]   Having considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his fifth through ninth grounds for habeas relief should be denied on the

---

[3]In addition, the magistrate judge found that they should be dismissed as procedurally barred.  The court has overruled Petitioner's objections to this finding.  *See supra* at 12-13.

**Memorandum Opinion and Order – Page 21**

merits.               **4.      Petitioner's Tenth through Fourteenth Grounds for Habeas Relief**

In his tenth through fourteenth grounds for habeas relief, Petitioner contends that his rights to due process, equal protection, and a fair trial under the Fourteenth Amendment, and his right under the Eighth Amendment to be free from cruel and unusual punishment were violated because of the non-statutory mitigation special issue given to the jury at the punishment phase of the trial, and that trial counsel were ineffective in failing to object to the issue and preserve error on appeal.

The magistrate judge carefully considered these claims, and found that they were without merit and should therefore be denied. *See* Findings and Recommendation at 28-36.[4] Having considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his tenth through fourteenth grounds for habeas relief should be denied on the merits.

---

[4]In addition, the magistrate judge found that Petitioner's eleventh, twelfth and fourteenth grounds for habeas relief should be dismissed as procedurally barred. The court has overruled Petitioner's objections to this finding. *See supra* at 12-13.

**Memorandum Opinion and Order – Page 22**

### 5.    Petitioner's Fifteenth Through Twenty-First Grounds for Habeas Relief

In his fifteenth through twenty-first grounds for habeas relief, Petitioner contends that his rights under the Sixth and Fourteenth Amendments were violated because of the method used to submit challenges for cause, because the trial court erred in overruling certain defense challenges for cause, and because trial and appellate counsel were ineffective in their representation of Petitioner on these issues.

The magistrate judge carefully considered these claims, and found that they were without merit and should therefore be denied.  *See* Findings and Recommendation at 36-42.  Having considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his  fifteenth through twenty-first grounds for habeas relief should be denied on the merits.

### 6.    Petitioner's Twenty-Second Through Twenty-Sixth Grounds for Habeas Relief

In his twenty-second through twenty-sixth grounds for habeas relief, Petitioner contends that his rights under the Sixth and Fourteenth Amendments were violated because the State presented the false testimony of Carl Sweeney and Randy Wells at trial, contending that the State obtained this testimony through the payment of money or benefits, and because trial counsel were ineffective in failing to object to the false testimony given by these witnesses.

The magistrate judge carefully considered these claims, and found that they were without merit and should therefore be denied.  *See* Findings and Recommendation at 42-49.[5]  Having considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his twenty-second through twenty-sixth grounds for habeas relief should be denied on the merits.

### 7.        Petitioner's Twenty-Eighth Through Thirty-First Grounds for Habeas Relief

In his twenty-eighth through thirty-first grounds for habeas relief, Petitioner contends that his  rights under the Sixth and Fourteenth Amendments were violated because of the admission of testimony regarding fiber evidence found at one of the crime scenes and because his trial counsel were ineffective in failing to object to this evidence.

The magistrate judge carefully considered these claims, and found that they were without merit and should therefore be denied.  *See* Findings and Recommendation at 49-53.[6]  Having carefully considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his twenty-eighth through thirty-first grounds for habeas relief should be denied on the merits.

---

[5]In addition, the magistrate judge found that Petitioner's twenty-second, twenty-third and twenty-sixth grounds for habeas relief should be dismissed as procedurally barred.  The court has overruled Petitioner's objections to this finding.  *See supra* at 12-13.

[6]In addition, the magistrate judge found that Petitioner's twenty-ninth through thirty-first grounds for habeas relief should be dismissed as procedurally barred.  The court has overruled Petitioner's objections to this finding.  *See supra* at 12-13.

**Memorandum Opinion and Order – Page 24**

8.      **Petitioner's Thirty-Second and Fortieth Grounds for Habeas Relief**

In his thirty-second and fortieth grounds for relief, Petitioner contends that his due process

rights were violated because the evidence is insufficient to support his conviction for capital murder.

Petitioner asserts that the evidence is insufficient because the indictment charged him with six

separate murders, rather than capital murder, and because he has questioned the veracity of the

testimony given at trial by petitioner's former cell mates and the State's fiber evidence expert.

The magistrate judge relies on *Jackson v. Virginia*, 443 U.S. 307 (1979), where the Supreme

Court enunciated the standard of review when a state prisoner challenged the sufficiency of the

evidence in a federal habeas corpus proceeding.  All the evidence must be considered in the light

most favorable to the prosecution and all that has to be established is that any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt.  Sufficient evidence

can be found, even though the facts may also support another reasonable hypothesis consistent with

claims of innocence. *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991), *cert. denied*, 506 U.S. 833

(1992).  The magistrate judge, in recommending denial of Petitioner's claims on the merits, stressed

that Petitioner advances no case law to support his claims.

As the magistrate judge states, the state habeas court rejected Petitioner's contentions that

the evidence was insufficient to support his conviction and an unreasonable application of federal

law.  At trial, the State presented evidence that Petitioner knew or was seen with each of the victims

shortly before they disappeared.  Most of the victims were seen riding in or on both of the two types

of vehicles driven by the Petitioner.  Substantial fiber evidence was found in the grave and on the

clothes of one of the victims that matched in all respects the fiber evidence found in Petitioner's

vacuum cleaner.  There was also evidence that Petitioner confessed to two of his cell mates.  The

magistrate judge concluded that when viewed in the light most favorable to the prosecution, the

**Memorandum Opinion and Order – Page 25**

evidence is sufficient to establish that Petitioner murdered more than one person, and in different criminal transactions, using the same scheme or course of conduct. All of the victims disappeared at different times; however, they were all found buried in the same desert area of El Paso, either partially or fully unclothed. All of the victims lived a similar lifestyle and were of a similar age. The magistrate judge found that the evidence is sufficient to establish that Petitioner murdered more than one person using the same scheme or course of conduct.

As discussed earlier, the magistrate judge also found that the indictment properly charged Petitioner with capital murder. The magistrate judge could not discount the cell mates' testimony and the fiber evidence as urged by Petitioner because the Supreme Court has specifically stated that in determining sufficiency of the evidence, a habeas court should look at the evidence adduced at trial. *Jackson*, 443 U.S. at 319. As the magistrate judge concluded: "Petitioner's contention that this Court should determine the sufficiency of the evidence by discounting all of the evidence that he attempts to discredit is an inappropriate application of the *Jackson* standard. Petitioner's thirty-second and fortieth grounds for relief are without merit, and it is recommended that they be denied." *See* Findings and Recommendation at 56.

Petitioner objects to the findings and conclusions of the magistrate judge regarding the sufficiency of the evidence. Petitioner contends that the finding by the state habeas court regarding the sufficiency of the evidence was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Wood argues that the fact that he, or someone who looked like him, was seen with these victims shortly before they disappeared and knew several of the victims proves nothing. He also argues that the fiber evidence was meaningless and that Kelly's testimony only served to raise reasonable doubt since Wood released her after the rape and did not kill her. Petitioner urges that the testimony in this case was so incredible that it defies physical laws

**Memorandum Opinion and Order – Page 26**

and therefore no jury could believe it.  He also claims that the jury has convicted him based on a suspension of the rule of reason as it applies to the natural tendencies and inclinations of people with regard to the fiber evidence, and that to allow this conviction to stand is to deny him his rights as provided by the United States Constitution by an unreasonable application of the law to the facts. Petitioner's objections are overruled.

The magistrate judge correctly applied the legal standard to be used when reviewing sufficiency of the evidence.  Viewed in the light most favorable to the prosecution, the evidence presented in this case could not be considered insufficient.  Moreover, the ruling of the state habeas court rejecting Petitioner's contention that the evidence was insufficient to support his conviction (as adopted by the Texas Court of Criminal Appeals), did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor is this a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. In short, having carefully considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his thirty-second and fortieth grounds for habeas relief should be denied on the merits.

### 9.      Petitioner's Thirty-Third and Thirty-Fourth Grounds for Habeas Relief

In his thirty-third and thirty-fourth grounds for habeas relief, Petitioner contends that his rights under the Sixth and Fourteenth Amendments were violated because of the admission of an extraneous offense into evidence at trial and because Petitioner's trial counsel was ineffective in failing to object to the admission of this evidence.  Specifically, Petitioner asserts that the admission of Judith Kelly's testimony (regarding her kidnaping and subsequent rape in the desert) was not

**Memorandum Opinion and Order – Page 27**

allowed under Texas statutory and case law.  The Court of Criminal Appeals held that the prejudicial impact of admitting Kelly's testimony did not substantially outweigh its probative value because identity was a hotly contested issue at trial; because the evidence that Petitioner committed the rape is "unassailable"; because the evidence of the rape was much less severe than the murders; because the amount of time spent in presenting the evidence, when compared to the entire length of the trial, was minimal; and because the evidence was extremely important to the State's case.

The magistrate judge recommended denial of these grounds and found that the Court of Criminal Appeals' decision was not contrary to federal law.[7]  The magistrate judge points to Supreme Court precedent that states a defendant's constitutional rights are violated only where the evidence supporting an extraneous offense has been shown to be both false and unreliable. *Hernandez v. Johnson*, 213 F.3d 243, 252 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).  The magistrate judge found that Petitioner has shown neither:

> [G]iven Petitioner's prior conviction for the sexual assault of Kelly, the State made a strong showing that Petitioner committed the assault, and the Court of Criminal Appeals outlined the numerous links between the extraneous offense and the murders, thus establishing a rational connection between the two.  Accordingly, Petitioner has not established that his due process rights were violated.

Findings and Recommendation at 59.

Petitioner objects to the magistrate judge's findings related to the extraneous testimony and evidence admitted at trial. Wood urges that the similarities involving, among other things, a blanket, beige truck, and evidence of sexual abuse, do nothing to identify Petitioner as the killer.  Petitioner also claims that some of the facts asserted by the State regarding the sexual abuse of the victims is

---

[7]In addition, the magistrate judge found that Petitioner's thirty-fourth ground for habeas relief should be dismissed as procedurally barred.  The court has overruled Petitioner's objections to this finding. *See supra* at 12-13.

based wholly on conjecture and the real use of the Kelly testimony was to inflame the jury against Petitioner.  He also urges that the only reason he was convicted was for being a "bad guy" due to this character evidence and that this was a fundamental miscarriage of justice.  Petitioner's objections are overruled.

In federal habeas proceedings, the court does not sit in review of a state court's interpretation of its own law.  *See Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998), *cert denied*, 526 U.S. 1148 (1999).  An extraneous offense may be admitted into evidence at the guilt phase of a trial without violating the defendant's due process rights if the state makes a "strong showing" that the defendant committed the offense and that the offense is rationally connected with the charged offense.  *Story v. Collins*, 920 F.2d 1247, 1254 (5th Cir. 1991).  Even if wrongly admitted, habeas corpus relief will be appropriate only if the error results in "fundamental unfairness."  *Hafdahl v. Johnson*, 251 F.3d 528, 536 (5th Cir.), *cert denied*, 534 U.S. 1047 (2001) (citing *Blankenship v. Estelle*, 545 F.2d 510, 516-17 (5th Cir. 1977)).  Other bad acts will be admissible to prove motive, opportunity, intent, preparation, plan or identity.  *See* Tex. R. Evid. 404(b).  The Court of Criminal Appeals analyzed the Kelly testimony and ruled that Texas law was not violated by the admission of this evidence.  Petitioner has not tried to show this analysis is incorrect or that admission of the testimony was unfair.  The magistrate judge also points out that trial counsel did object to the admission of Kelly's testimony on the basis that the evidence did not establish identity, and that its prejudicial effect substantially outweighed its probative value.  These objections were judged to be without merit.  Since counsel still objected, a claim that counsel was somehow ineffective is without merit.

In short, the ruling of the state habeas court rejecting Petitioner's contentions regarding admission of extraneous evidence at the guilt phase of his trial did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as

**Memorandum Opinion and Order – Page 29**

determined by the Supreme Court of the United States; nor is this a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. Having carefully considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his thirty-third and thirty-fourth grounds for habeas relief should be denied on the merits.

### 10.    Petitioner's Thirty-Fifth and Thirty-Sixth Grounds for Habeas Relief

In his thirty-fifth and thirty-sixth grounds for habeas relief, Petitioner contends that his rights under the Sixth and Fourteenth Amendments were violated because the verdict form used at the guilt phase was not sufficiently specific and because trial counsel were ineffective for failing to object to the verdict form.

The magistrate judge carefully considered these claims, and found that they were without merit and should therefore be denied. *See* Findings and Recommendation at 60-61.[8] Having considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his thirty-fifth and thirty-sixth grounds for habeas relief should be denied on the merits.

### 11.    Petitioner's Thirty-Seventh Ground for Habeas Relief

---

[8]In addition, the magistrate judge found that Petitioner's thirty-fifth and thirty-sixth grounds for habeas relief should be dismissed as procedurally barred. The court has overruled Petitioner's objections to this finding. *See supra* at 12-13.

**Memorandum Opinion and Order – Page 30**

In his thirty-seventh ground for habeas relief, Petitioner contends that his right to due process was denied because the Texas Court of Criminal Appeals did not authorize the appointment of experts to assist Petitioner in his state post-conviction procedures.

The magistrate judge carefully considered this claim, and found that it was without merit and should therefore be denied. *See* Findings and Recommendation at 61-62. Having considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his thirty-seventh ground for habeas relief should be denied on the merits.

### 12.    Petitioner's Thirty-Eighth Ground for Habeas Relief

In his thirty-eighth ground for habeas relief, Petitioner contends that both article 11.071 of the Texas Code of Criminal Procedure and 28 U.S.C. § 2254 are unconstitutional as applied to Petitioner because of the time limits they place on the filing of habeas petitions.

The magistrate judge carefully considered this claim, and found that it was without merit and should therefore be denied. *See* Findings and Recommendation at 62-65. Having considered the Findings and Recommendation, the totality of the record, Petitioner's objections and the applicable law, the court **overrules** Petitioner's objections to the magistrate judge's finding and recommendation that his thirty-eighth ground for habeas relief should be denied on the merits.

## VI.    Conclusion

In short, Petitioner has failed to make a substantial showing of the denial of a federal right. Moreover, the state court adjudication on the merits on the claims presented to the state court did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

For the reasons stated herein, the court determines that the findings and conclusions of the United States Magistrate Judge are correct and hereby **accepts** them as those of the court. Petitioner's objections are **overruled**.  Accordingly, it is ordered that: Petitioner's application for writ of habeas corpus is **denied**.  It is further ordered that: Petitioner's grounds for habeas relief, with the exception of the twenty-seventh and thirty-ninth grounds for relief, are **denied** on the merits and **dismissed with prejudice**; Petitioner's fifth through ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth grounds for relief are **dismissed without prejudice** as procedurally barred for failure to exhaust state administrative remedies; and  Petitioner's twenty-seventh and thirty-ninth grounds for relief are **dismissed with prejudice** as procedurally barred, because they were denied at the state

level on an independent and adequate state law ground.  Judgment will issue by separate document as required by Fed. R. Civ. P. 58.

**It is so ordered** this 4th of April, 2006.

Sam A. Lindsay
United States District Judge