IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LEONARD WOOD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:01-CV-2103-L |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Respondent Dretke's Rule 59(e) Motion to Alter or Amend Judgment, filed April 12, 2006, and Petitioner David Leonard Wood's Response to Respondent Douglas Dretke's Rule 59(e) Motion and Request for Stay and Abeyance, filed May 19, 2006. Having carefully considered the motions, response, record and applicable law, the court **grants** Respondent Dretke's Rule 59(e) Motion to Alter or Amend Judgment and **denies** Petitioner's Request for Stay and Abeyance.

**I.  Relevant Background**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by Petitioner David Leonard Wood ("Petitioner").[*] On April 4, 2006, the court accepted the June 4, 2004 Findings, Conclusions and Recommendation of the magistrate judge, overruled Petitioner's objections thereto, and denied Petitioner's application for writ of habeas corpus. *See* April 4, 2006 Mem. Op. & Order

---

[*] On November 30, 1992, Petitioner was convicted by a jury of capital murder, and was sentenced to death by lethal injection. *See State v. Wood*, No. 58486-171 (Criminal District Court No. 5 of Dallas County, Texas Nov. 30, 1992).

**Memorandum Opinion and Order – Page 1**

at 32 and Judgment. Specifically, the court dismissed with prejudice Petitioner's twenty-seventh and thirty-ninth grounds for relief, determining that these grounds were procedurally barred, because they were denied at the state level on an independent and adequate state law ground. *Id.* The court denied *all remaining claims* on the merits and dismissed them with prejudice. *Id. In the alternative*, as to Petitioner's fifth through ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth grounds for relief, the court dismissed these grounds without prejudice as unexhausted and procedurally defaulted, and determined that Petitioner had not made any showing that his unexhausted claims would be considered by the state courts were he to seek to exhaust them. *Id.* at 12-13, 32. It is this alternative holding that is the subject of Respondent's Rule 59(e) Motion to Alter or Amend Judgment and Petitioner's Response and Request for Stay and Abeyance.

**II.    Discussion**

    **A.    Arguments of the Parties**

In Respondent Dretke's Rule 59(e) Motion to Alter or Amend Judgment, Respondent contends that the court should amend its April 4, 2006 Judgment and dismiss *with* prejudice (rather than *without* prejudice), Petitioner's fifth through ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth grounds for relief. In support, Respondent correctly points out that the court, in its April 4, 2006 Memorandum and Opinion overruling Petitioner's objections to the magistrate judge's findings that these claims should be dismissed as procedurally barred, determined that Petitioner had failed to raise these claims at the state level. Further, the court determined that if Petitioner now sought to raise these claims in state court they would be barred by the abuse of writ doctrine of Article 11.071

**Memorandum Opinion and Order – Page 2**

§ 5 of the Texas Code of Criminal Procedure, and that Petitioner had failed to make a colorable showing to the contrary. Respondent contends that under these circumstances dismissal is with prejudice. *See* Resp. 59(e) Mot. at 2 (citing *Horsely v. Johnson*, 197 F.3d 134, 137-38 (5th Cir. 1999)). Respondent also notes that under *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982), a federal district court may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. *Id.* A federal court has the authority, however, to stay a mixed habeas corpus petition and hold it in abeyance so that a petitioner may exhaust his claims in state court without running afoul of the one-year limitations period. *See id.* (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

In response, Petitioner contends that the court should deny Respondent's motion and instead, under the authority of *Rhines v. Weber*, *supra*, hold Petitioner's habeas petition in abeyance so that he can exhaust in state court those claims which the court dismissed without prejudice.

**B.      Analysis**

As an initial matter, both parties appear to misconstrue the court's April 4, 2006 decision accepting the June 4, 2004 Findings, Conclusions and Recommendation of the magistrate judge, overruling Petitioner's objections, and denying Petitioner's application for writ of habeas corpus. *See* Pet. Resp. and Mot. at 3, ¶ 5; Resp. Rule 59(e) Mot. at 1. Specifically, the parties ignore that, with the exception of Petitioner's twenty-seventh and thirty-ninth grounds for relief (which the court dismissed with prejudice as procedurally barred because they were denied at the state level on an independent and adequate state law grounds), the court denied on the merits and dismissed with prejudice *all* of Petitioner's grounds for relief. *See* April 4, 2006 Mem. Op. & Order at 32 and Judgment. As an *alternative* basis for its decision as to certain grounds, namely the fifth through

ninth, eleventh, twelfth, fourteenth, twenty-second, twenty-third, twenty-sixth, twenty-ninth through thirty-first, and thirty-fourth through thirty-sixth, the court dismissed these claims without prejudice as procedurally defaulted, and determined that Petitioner had not made any showing that his unexhausted claims would be considered by the state courts were he to seek to exhaust them. *See* Mem. Op. & Ord. at 12-13, 32; June 4, 2004 Findings, Conclusions and Recommendation at 8-11. The court now turns to the pending motions.

As Respondent correctly argues, dismissal of procedurally defaulted claims under the circumstances presented is with prejudice. *See Horsely*, 197 F.3d at 137-38 (and cases cited therein). While Petitioner is correct that the court now has authority to stay a mixed habeas corpus petition and hold it in abeyance so that a petitioner may exhaust his claims in state court without running afoul of the one-year limitations period *(see Rhines v. Weber, supra)*, "stay-and-abeyance is only appropriate when the district court determines there was good cause for petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 278. Moreover, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless[.]" *Id.* That stay-and-abeyance was not available to Petitioner at the time he filed his federal habeas petition is of no matter. The court already concluded in accepting the magistrate judge's findings that Petitioner had failed to establish good cause for his failure to exhaust. *See* Mem. Op. & Ord. at 12-13, 32; June 4, 2004 Findings, Conclusions and Recommendation at 8-11. Even had Petitioner established good cause (which he did not), the court denied *on the merits* and dismissed with prejudice all Petitioner's grounds for habeas relief (with the exception of Petitioner's twenty-seventh and thirty-ninth grounds for relief, which the court dismissed with prejudice as procedurally barred and without reaching the merits).

**Memorandum Opinion and Order – Page 4**

*See* April 4, 2006 Mem. Op. & Order at 32 and Judgment. Under *Rhines*, stay-and-abatement is not warranted under these circumstances. *Rhines*, 544 U.S. at 278.

**III.  Conclusion**

For the reasons stated herein, the court **grants** Respondent Dretke's Rule 59(e) Motion to Alter or Amend Judgment and **denies** Petitioner's Request for Stay and Abeyance. Accordingly, the court hereby **vacates** its April 4, 2006 Judgment and **vacates** its April 4, 2006 Memorandum Opinion and Order issued in this case. The court will issue an amended memorandum opinion and order and an amended judgment consistent with this order.

**It is so ordered** this 2nd day of June, 2006.

Sam A. Lindsay
United States District Judge