# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **DAVID WOOD**<br><br>     Petitioner,<br><br>v.<br><br>**BOBBY LUMPKIN**, Director,<br>Correctional Institutions Division,<br>Texas Department of Criminal Justice,<br><br>     Respondent. | No. 3:01-CV-2103-L<br><br><br><br><br>**DEATH PENALTY CASE:<br>EXECUTION SCHEDULED<br>FOR MARCH 13, 2025** |

## UNOPPOSED MOTION FOR APPOINTMENT OF CJA CO-COUNSEL

This Court appointed the Federal Public Defender for the Northern District of Texas, Capital Habeas Unit ("FPD"), to represent David Wood on June 12, 2024. ECF No. 56. On August 20, the trial court scheduled Mr. Wood's execution for March 13, 2025. Because of the voluminous record and factual complexity of this case, coupled with ongoing investigation and forthcoming litigation of a non-frivolous claim of actual innocence and the importance of seeking executive clemency, Mr. Wood asks this Court to appoint Gregory W. Wiercioch as co-counsel. Mr. Wiercioch has represented Mr. Wood for over 15 years, is familiar with the massive record, and possesses the institutional knowledge of the case that the FPD does not. His appointment as co-counsel will not delay the administration of justice. He can assist

1

the FPD in efficiently reviewing the case and conducting the investigation that must be done over the next five months before Mr. Wood's scheduled execution.

## STATEMENT OF FACTS

1. In 1992, Mr. Wood was convicted and sentenced to death for the 1987 murder of Ivy Williams and one or more of five named victims: Desiree Wheatley, Karen Baker, Angelica Frausto, Rosa Maria Casio, and Dawn Smith. *Wood v. Dretke*, 2006 WL 1519969, *2 (N.D. Tex. June 2, 2006). The crime occurred in El Paso but venue for the trial was moved to Dallas because of the publicity surrounding the notorious "Desert Serial Killer" case. Mr. Wood unsuccessfully challenged his conviction and sentence on direct appeal and in various state and federal post-conviction proceedings.

2. The trial court initially set Mr. Wood's execution for August 20, 2009.

3. Texas Defender Service ("TDS"), a non-profit law firm, agreed to assist Mr. Wood with a claim that he was ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). Mr. Wiercioch, a TDS staff attorney, took the lead in investigating and drafting the *Atkins* claim.

4. The day before the scheduled execution in 2009, the Texas Court of Criminal Appeals ("TCCA") granted a stay and remanded the *Atkins* claim for an evidentiary hearing. *Ex parte Wood*, 2009 WL 10690712 (Tex. Crim. App. Aug. 19, 2009).

5. In 2014, the TCCA denied the *Atkins* claim. *Ex parte Wood*, 2014 WL 6765490 (Tex. Crim. App. Nov. 26, 2014).

6. In 2018, the TCCA "grant[ed] reconsideration on [its] own initiative to consider Applicant's case in light of *Moore v. Texas*, [581 U.S. 1 (2017)] and *Ex parte Moore* [548 S.W.3d 552 (Tex. Crim. App. 2018)]." *Ex parte Wood*, 568 S.W.3d 678, 682 (Tex. Crim. App. 2018). The TCCA again denied relief. *Id.*

7. During the litigation of the *Atkins* claim, Mr. Wood filed a motion for authorization in the Fifth Circuit seeking permission to submit a successive habeas petition raising an *Atkins* claim, which was denied. *In re Wood*, 648 F. App'x 388 (5th Cir. May 12, 2016). Mr. Wiercioch represented Mr. Wood in a *pro bono* capacity in that proceeding.

8. Mr. Wood has steadfastly maintained his innocence. Although the police focused on Mr. Wood as the primary suspect early in their investigation, he was not indicted for another three years, when two jailhouse snitches came forward and claimed Mr. Wood had confessed to them that he was the "Desert Serial Killer."

9. The police had collected hundreds of pieces of evidence from six separate crime scenes. While litigating the *Atkins* claim, Mr. Wiercioch discovered that the prosecution had conducted DNA testing on three items before the trial in 1992. The test results were inconclusive.

10. In 2010, Mr. Wiercioch filed a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. He asked that the three items tested nearly 20 years earlier be re-tested using more advanced techniques.

3

11. The State did not oppose the motion. Orchid Cellmark, an independent laboratory, conducted the DNA testing. In June 2011, testing "showed that a bloodstain on a yellow terrycloth sun suit belonging to victim Dawn Smith contained male DNA ... and [Mr. Wood] was excluded from this profile." *Wood v. State*, 693 S.W.3d 308, 331 (Tex. Crim. App. 2024). Testing of the other two items was inconclusive.

12. With this exculpatory result in hand, Mr. Wood sought DNA testing of over 100 additional items. The State opposed any further testing. Ultimately, the TCCA upheld the trial court's denial of DNA testing, concluding that Mr. Wood failed to show, "by a preponderance of the evidence that ... the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice." *Id.* at 329 (quoting Tex. Code Crim. Proc. art. 64.03(a)(2)(B)).

13. In August 2012, while Mr. Wiercioch was litigating the *Atkins* claim and the motions for DNA testing, he left TDS and accepted a position as a clinical law professor at the University of Wisconsin Law School in Madison, Wisconsin.

14. Despite his law school clinical responsibilities, Mr. Wiercioch has continued to represent David Wood since that time.

15. In 2016, the state trial court formally appointed Mr. Wiercioch to represent David Wood in the Chapter 64 proceedings.

16. In preparation for filing a forthcoming successive state habeas application, Mr. Wiercioch has uncovered compelling evidence in support of Mr. Wood's claim

4

of innocence. Mr. Wiercioch has learned that: (1) one of the jailhouse snitches received $13,000 in reward money one year after Mr. Wood was sentenced to death; (2) the other jailhouse snitch avoided serving a day in prison on a first-degree murder charge in an unrelated case in exchange for his testimony against Mr. Wood; (3) the police took biological samples from an alternative suspect who gave conflicting statements to the police and failed a polygraph examination, but the police never conducted DNA testing on those samples; (4) Mr. Wood was under police surveillance on days that two of the victims went missing; and (5) the pickup truck Mr. Wood allegedly used to abduct the victims was towed to an auto salvage yard after a traffic accident, where it remained for the entire month of August 1987, when three of the victims went missing.

## ARGUMENT

17. Death-sentenced federal habeas petitioners are entitled to the appointment of counsel in federal court. *McFarland v. Scott*, 512 U.S. 849, 857–58 (1994). Section 3599 of Title 18 of the United States Code provides that a person pursuing post-conviction relief from a death sentence imposed by a state court "shall be entitled to the appointment of one or more attorneys," and other resources. 18 U.S.C § 3599(a)(2); *see Martel v. Clair*, 565 U.S. 648, 659–60 (2012). A death-sentenced petitioner retains their statutory right to federal counsel after initial federal habeas proceedings conclude. Section 3599(e) mandates that counsel appointed after judgment are obligated to continue that

appointment through "all available post-conviction process," including applications for stays of execution, competency proceedings, and clemency motions. *Wilkins v. Davis*, 832 F.3d 547, 557–58 (5th Cir. 2016); *see Harbison v. Bell*, 556 U.S. 180, 194 (2009) (recognizing that Congress intended to include both state and federal clemency proceedings in its drafting of 18 U.S.C. § 3599(e)).

18. By enacting § 3599, Congress intended to provide "enhanced rights of representation" in capital habeas cases, *Martel*, 565 U.S. at 659, and to ensure that "no prisoner would be put to death without meaningful access to the 'fail-safe'" of clemency. *Harbison*, 556 U. S. at 194 (internal quotation omitted). Moreover, the § 3599 right to counsel necessarily includes meaningful research and investigation of a petitioner's case. *McFarland*, 512 U.S. at 858.

19. The preparation and presentation of Mr. Wood's clemency petition and successor litigation in state and federal court raising claims related to his innocence, based on the information noted above, will depend on the provision of counsel empowered to investigate facts that would support clemency or other relief.

20. The appointment of Mr. Wiercioch as co-counsel is consistent with the purpose of § 3599. Not only does Mr. Wiercioch have three decades' experience in state and federal capital habeas corpus litigation, but he has represented Mr. Wood for over 15 years. Mr. Wiercioch is familiar with the massive record. The

|     |     |
| --- | --- |
|     | reporter's record alone covers nearly 8,000 pages. The district attorney's file is over 13,000 pages. |
| 21. | Because of Mr. Wiercioch's familiarity with the record and the issues, he can assist the FPD in reviewing the case, identifying key witnesses, developing a manageable investigation plan, and conducting the interviews that must be completed in the relatively short time remaining before Mr. Wood's scheduled execution. |
| 22. | While an atypical request from the FPD, it is one that is consistent with § 3599 and appropriate in light of the volume and scope of Mr. Wood's case, as well as Mr. Wiercioch's familiarity with it. This Court has previously authorized the appointment of the FPD and CJA counsel in appropriate cases. *Murphy v. Lumpkin*, No. 3:10-cv-00163-N (N.D. Tex. June 26, 2023) (ECF No. 56); *Robertson v. Davis*, No. 3:13-cv-00728-G (N.D. Tex. Feb. 19, 2019) (ECF No. 98); *Rayford v. Davis*, No. 3:06-cv-00978-B, (N.D. Tex. Nov. 20, 2017) (ECF No. 107); *Bess v. Davis*, No. 3:16-cv-01150-D (N.D. Tex. June 3, 2016) (ECF No. 4). |
| 23. | Upon appointment, Mr. Wiercioch will work with the FPD to ensure that Mr. Wood receives the representation he is entitled to, consistent with the mandates of § 3599. |

**PRAYER FOR RELIEF**

ACCORDINGLY, Mr. Wood respectfully asks this Court to appoint Gregory W. Wiercioch as co-counsel to assist the FPD in "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and ... such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C. § 3599(e).

Respectfully submitted,

DATE: October 11, 2024

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers
Supervisor, Capital Habeas Unit

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org

*/s/ Gregory W. Wiercioch*
Gregory W. Wiercioch
University of Wisconsin Law School
975 Bascom Mall
Madison, Wisconsin 53706
(Tel) 832-741-6203
(Fax) 608-263-3380
gregory.wiercioch@wisc.edu

*Counsel for Petitioner*

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Rachel Patton, counsel for Respondent, concerning this Motion. Ms. Patton stated that Respondent is unopposed to the appointment of Mr. Wiercioch as CJA Co-Counsel.

*/s/ Jeremy Schepers*
Jeremy Schepers

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Northern District of Texas using the electronic case-filing (ECF) system of the Court. The ECF system will serve all registered users in this case, including counsel for the Respondent.

*/s/ Jeremy Schepers*
Jeremy Schepers