IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LEONARD WOOD, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 3:01-CV-02103-L |
| BOBBY LUMPKIN, | § | Death Penalty Case |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**DIRECTOR'S ADVISORY AND RESPONSE ADDRESSING THE COURT'S QUESTIONS REGARDING THE APPOINTMENT OF CO-COUNSEL FOR THE PETITIONER**

David Wood is a Texas death row inmate who is currently scheduled to be executed after 6:00 p.m. (CDT) on March 13, 2025. On June 11, 2024, Wood filed a motion to substitute counsel in this Court. ECF No. 55. The Court granted the motion and appointed the Federal Public Defender of the Northern District of Texas. ECF No. 56. Counsel then filed a motion to appoint co-counsel on October 11, 2024. ECF No. 59. This Court issued an order to the parties instructing them to file an advisory responding to specific questions posed by the Court. ECF No. 60. The parties are filing a joint advisory addressing questions one through four. Question five is directed toward counsel for Wood and the Director has no response to the question. The Director now files this additional advisory addressing the remaining questions.

**Does this court have the authority under Section 3599 to appoint and compensate an attorney for preparing, filing, and litigating a subsequent state habeas corpus application?**

As the Court noted in its order, the Supreme Court's decision in *Harbison v. Bell* establishes that 18 U.S.C. § 3599 authorizes the appointment of counsel to prepare a state clemency petition. 556 U.S. 180, 188–89 (2009). Some circuit courts have expanded on the *Harbison* opinion. *See Samayoa v. Davis*, 928 F.3d 1127, 1131–32 (9th Cir. 2019) (holding that § 3599 permitted federal appointment of additional counsel to represent a California death-row prisoner who sought state clemency where the State of California also provided for state clemency counsel). However, other circuit courts have distinguished *Harbison* under certain circumstances. *See Irick v. Bell,* 636 F.3d 289 (6th Cir. 2011) (affirming denial of motion to appoint additional counsel to file state clemency petition when current counsel had not withdrawn).

The Supreme Court has held that § 3599 does not provide for appointment of counsel for the purpose of a state habeas proceeding. *Harbison*, 556 U.S. at 188–89. Such a proceeding is not a "subsequent stage of available judicial proceedings," because state habeas is not a stage subsequent to federal habeas. The Fifth Circuit recently applied *Harbison* in *Storey v. Lumpkin*, 8 F.4th 382, 393 (5th Cir. 2021). In *Storey*, the Fifth Circuit affirmed the district court's decision to deny federal funding to compensate counsel for working on Storey's subsequent state habeas proceedings because they "were outside the

2

scope of counsel's federal appointment pursuant to § 3599."[1] *Id.* at 393; *see also Rosales v. Quarterman*, 565 F.3d 308, 312 (5th Cir. 2009) (denying defendant's § 3599 request for counsel where the defendant already had adequate representation for the proceeding at issue). Therefore, binding precedent prohibits the appointment of counsel under § 3599 to represent an inmate in a subsequent state habeas application.

**Should this court appoint as additional co-counsel at taxpayer expenses (for the purpose of seeking leave from the Fifth Circuit to file a successive federal habeas corpus petition) the same attorney whom the Fifth Circuit previously denied leave to file a successive petition on Mr. Wood's behalf?**

The Supreme Court in *Martel v. Clair* determined that a court should use the "interests of justice" standard in a case when deciding whether to grant a motion to substitute counsel. 565 U.S. 648, 662 (2012). The court stated that the factors to be used in that determination "generally include: the timeliness

---

[1]  Similarly, appointment of counsel under § 3599 is not available for proceedings such as civil rights challenges to a method of execution or regarding postconviction DNA testing. *See Banks v. Secretary, Florida Dept. of Corr.*, 647 F. App'x 910, 913–14 (11th Cir. 2016); *Link v. Luebbers*, 830 F. Supp. 2d 729, 735–36 (E.D. Mo. 2011) ("Section 1983 or other federal challenges to a state's execution protocol are not the type of criminal or quasi-criminal proceedings that ordinarily flow from the denial of a federal petition for writ of habeas corpus."); *cf. Gary v. Warden, Georgia Diagnostic Prison*, 686 F.3d 1261, 1275 (11th Cir. 2012) (denying funds for DNA expert to assist petitioner in moving the state court for DNA testing because DNA testing is not a subsequent proceeding contemplated by § 3599); *Crutsinger v. Davis*, No. 4:07-CV-703, 2017 WL 2418635, at *3–4 (N.D. Tex. 2017) ("The Court concludes, under *Harbison [v. Bell*, 556 U.S. 180 (2009)], that § 3599(a)(2) and (e) do not contemplate the provision of federal counsel in post-petition DNA proceedings."), *aff'd*, 2018 WL 3715586 (5th Cir. Aug. 3, 2018).

3

of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict. *Id.* at 663.

The undersigned has not located any cases in which the Supreme Court addressed the appointment of co-counsel when the petitioner is already represented by competent, non-conflicted counsel. In *Mendoza v. Stephens*, the Fifth Circuit ordered the appointment of supplemental counsel to help the petitioner establish "cause for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez*[2] and *Trevino*[3] that he may raise." 783 F.3d 203, 203 (5th Cir. 2015). However, the petitioner in *Mendoza* was not seeking to file a subsequent application, nor had the proposed supplemental counsel previously represented the petitioner in a failed attempt to file a successive federal petition. Moreover, Wood is not seeking the appointment of supplemental counsel to cure any conflict of interest. *See id.*; *see also Christeson v. Roper*, 574 U.S. 373, 378 (2015).

Importantly, the Supreme Court in *Harbison* explained that § 3599 appointment is available "only when a state petitioner is unable to obtain

---

[2]   *Martinez v. Ryan*, 556 U.S. 1 (2012).

[3]   *Trevino v. Thaler*, 569 U.S. 413 (2013).

adequate representation." 556 U.S. at 189; *see Crutsinger*, 2017 WL 2418635, at *3. Current counsel for Wood has not indicated that there is any basis for a successive federal petition let alone a basis for finding he is not currently adequately represented or that appointment of *additional* counsel is necessary for such a proceeding. *See Lambrix v. Secretary, Florida Dept. of Corr.*, 756 F.3d 1246, 1261 (11th Cir. 2014) (affirming the denial of appointment of counsel where a request for authorization to file a successive federal petition would be futile and would not serve the interests of justice). Wood's motion to appoint co-counsel lists alleged facts that he believes will support a subsequent state habeas application; however, he would be required to exhaust any claims based on those facts before bringing them to this Court. ECF No. 59 at 4–5. Additionally, the motion also indicates that proposed co-counsel has *already* "uncovered evidence" of these facts. ECF No. 59 at 4. As discussed above, appointment of counsel is unavailable for the purpose of reinitiating a habeas proceeding, *see Harbison*, 556 U.S. at 188–89, and Wood fails to show the appointment of additional counsel is in the interests of justice.

It bears emphasizing that "[p]rotecting against abusive delay *is* in the interest of justice." *Clair*, 565 U.S. 648, 662 (2012). Appointment of *additional* counsel who will undoubtedly seek to delay the execution of Wood's lawful sentence is not in the interest of justice. Therefore, as the Capital Habeas Unit of the Northern District of Texas has the resources necessary to competently

5

represent Wood, it is not necessary or in the interest of justice to appoint co-counsel to represent Wood to seek leave from the Fifth Circuit to file a successive habeas petition.

## CONCLUSION

Section 3599 does not authorize the appointment of federal counsel for the purpose of preparing and filing a subsequent state habeas application, and appointment of co-counsel is not necessary to adequately represent Wood in the Fifth Circuit in order to seek leave to file a successive federal habeas petition.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Rachel L. Patton
RACHEL L. PATTON*
*Lead Counsel          Assistant Attorney General
State Bar No. 24039030

P. O. Box 12548, Capitol Station
Austin, Texas 78711

6

(512) 936–1400
(512) 936–1280 (FAX)

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I do hereby certify that on November 8, 2024, I electronically filed the forgoing pleading with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to counsel of record, who consented in writing to accept the Notice as service of this document by electronic means.

/s/ Rachel L. Patton
RACHEL L. PATTON
Assistant Attorney General