IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID WOOD,**<br><br>Petitioner,<br><br>v.<br><br>**BOBBY LUMPKIN**, Director,<br>Correctional Institutions Division,<br>Texas Department of Criminal Justice,<br><br>Respondent. | No. 3:01-CV-2103-L |

**PETITIONER'S ADVISORY REGARDING QUESTIONS 5-7 FROM THIS
COURT'S OCTOBER 18, 2024, ORDER**

Mr. Wood filed an unopposed motion to appoint Gregory W. Wiercioch as co-counsel with the Federal Public Defender for the Northern District of Texas, Capital Habeas Unit ("FPD"), pursuant to 18 U.S.C § 3599. ECF No. 59. In response, this Court ordered that the "parties shall confer and file advisories (or, if possible, a joint advisory) explaining (or, if possible, stipulating)" the answers to seven questions. ECF No. 60 at 4–5. The parties have conferred and submitted agreed answers regarding questions 1-4. Mr. Wood submits these additional responses regarding questions 5-7.

1

**Question 5: Why does the FPD need the assistance of attorney Wiercioch to prepare a clemency application on Mr. Wood's behalf and why was this information omitted from the FPD's motion for substitution of counsel filed June 11?**

The FPD explained the reasons for requesting Mr. Wiercioch's appointment as co-counsel, including to assist in preparing a clemency application, in the motion requesting it. ECF No. 59 at 1–2, 6–9. To summarize, that motion states that:

> Because of the voluminous record and factual complexity of this case, coupled with ongoing investigation and forthcoming litigation of a non-frivolous claim of actual innocence and the importance of seeking executive clemency, Mr. Wood asks this Court to appoint Gregory W. Wiercioch as co-counsel. Mr. Wiercioch has represented Mr. Wood for over 15 years, is familiar with the massive record, and possesses the institutional knowledge of the case that the FPD does not. His appointment as co-counsel will not delay the administration of justice. He can assist the FPD in efficiently reviewing the case and conducting the investigation that must be done over the next five months before Mr. Wood's scheduled execution.

*Id.* at 1–2. The FPD has no additional information to provide and refers the court back to the facts and argument laid out in that motion.

This information was not included in the initial substitution motion. *See* ECF No. 55. At that time, the FPD was notified that the State was seeking an execution date for Mr. Wood and that he appeared to be effectively unrepresented in federal court. *Id.* at ¶¶8, 12. Further investigation into the matter revealed that his previously appointed federal counsel had died. *Id.* at ¶15. Due to the emergency nature of the situation, the FPD swiftly moved to seek appointment to represent Mr. Wood. As the FPD's review of the case progressed and it became aware of further information regarding Mr. Wood's case, it determined that seeking Mr. Wiercioch's appointment was warranted.

**Question 6: Does this court have the authority under Section 3599 to appoint and compensate an attorney for preparing, filing, and litigating a subsequent state habeas corpus application?**

This Court has the authority to appoint Mr. Wiercioch under 18 U.S.C. § 3599(a)(2), which states that death-sentenced inmates "shall be entitled to the appointment of one or more attorneys."

Undersigned counsel agrees with this Court's statement that whether state court work is compensable under § 3599 "is far less clear." ECF No. 60 at 2. The Fifth Circuit has "affirm[ed] [a] district court's order denying federal funding for counsel's work on . . . successive state habeas proceedings because those proceedings were outside the scope of counsel's federal appointment pursuant to § 3599." *Storey v. Lumpkin*, 8 F.4th 382, 393 (5th Cir. 2021). Yet, the Fifth Circuit has also recognized that some state court work is indeed compensable under § 3599, vacating a district court order that refused to compensate counsel in *Wilkins v. Davis*, 832 F.3d 547, 558 (5th Cir. 2016). There, the court held that § 3599 counsel "acted within the authorized scope of [their] appointment" when they represented their client "in 'available post-conviction process' in state and federal proceedings, including 'applications for stays of execution and other appropriate motions and procedures' and 'proceedings for executive or other clemency,' as authorized by § 3599." *Id.* (quoting 18 U.S.C. § 3599(e)).

Mr. Wiercioch recognizes these potential limitations regarding what work is compensable under § 3599. If appointed by this Court any budgeting requests will be limited, reflective of the fact that the FPD is also appointed, and he will not seek

3

funding under § 3599 for the drafting, filing, and litigation of the anticipated state successor application in this case.

**Question 7: Should this court appoint as additional co-counsel at taxpayer expenses (for the purpose of seeking leave from the Fifth Circuit to file a successive federal habeas corpus petition) the same attorney whom the Fifth Circuit previously denied leave to file a successive petition on Mr. Wood's behalf?**

As outlined in the motion requesting his appointment, ECF No. 59 at 1, Mr. Wiercioch's familiarity with Mr. Wood's case is a reason supporting his appointment. Undersigned counsel is aware of no precedent to support the notion that a previous, pro bono representation of a client in successor authorization proceedings that were denied would weigh against appointing that attorney at a later stage in the proceedings.

This Court referenced the Fifth Circuit's decision upholding the district court's denial of substitute § 3599 counsel in *White v. Lumpkin*, 2024 WL 4343615, *3 n.7 (5th Cir. Sept. 29, 2024), but that case is distinguishable. In *White,* a motion was filed to substitute counsel so that the petitioner could argue his appointed counsel's "conflict should allow for equitable tolling," to excuse his failure to timely raise a claim under *Atkins. v. Virginia*, 536 U.S. 304 (2002). *White v. Lumpkin*, No. 4:02-cv-01805 (S.D. Tex. Sept. 23, 2023) (ECF No. 121 at 10). The district court denied that motion without prejudice because the "Fifth Circuit has the exclusive initial authority over the merits of a successive petition," and whether currently appointed counsel should be removed and substitute counsel appointed should be determined after the Fifth Circuit conducted its initial gatekeeping review of the successive claim. *Id.* at

4

16–17. Here, in contrast, there is no assertion of a conflict of interest leading to a request to substitute counsel; instead, Mr. Wood seeks additional counsel for the reasons laid out in his prior motion.

Regardless, there will be no taxpayer expense if Mr. Wiercioch is appointed as co-counsel as it pertains to the drafting, filing, and litigation of a motion for authorization to file a successive federal habeas petition. Mr. Wiercioch will not seek funding under § 3599 for those purposes.

Respectfully submitted,

| | |
|---|---|
| JASON D. HAWKINS<br>Federal Public Defender | */s/ Gregory W. Wiercioch*<br>Gregory W. Wiercioch<br>University of Wisconsin Law School |
| */s/ Jeremy Schepers*<br>Jeremy Schepers<br>Supervisor, Capital Habeas Unit | 975 Bascom Mall<br>Madison, Wisconsin 53706<br>(Tel) 832-741-6203<br>(Fax) 608-263-3380 |
| Office of the Federal Public Defender<br>Northern District of Texas<br>525 S. Griffin St., Ste. 629<br>Dallas, TX 75202<br>214-767-2746<br>214-767-2886 (fax)<br>jeremy_schepers@fd.org | gregory.wiercioch@wisc.edu |

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Northern District of Texas using the electronic case-filing (ECF) system of the Court. The ECF system will serve all registered users in this case, including counsel for the Respondent.

*/s/ Jeremy Schepers*
Jeremy Schepers