UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID LEONARD WOOD,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:01-CV-2103-L** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is the "Unopposed Motion For Appointment of CJA Co-Counsel" ("Motion") (Doc. 59), filed October 11, 2024, by Petitioner David Leonard Wood. Although unopposed, the court **denies** the Motion (Doc. 59) for the reasons that follow.

Mr. Wood is currently scheduled for execution on March 13, 2025. In the Motion filed on Petitioner's behalf, the Federal Public Defender for the Northern District of Texas ("FPD"), who was appointed as substitute counsel several months ago (Doc. 56), requests that the court appoint Gregory W. Wiercioch as additional federal habeas counsel. Mr. Wiercioch is the attorney who represented Mr. Wood in a variety of state court proceedings for over fifteen years and who appeared at least once on his behalf on a pro bono basis before the Fifth Circuit. The FPD requests that the court appoint Mr. Wiercioch as additional counsel for the purpose of having him file a state clemency petition, a subsequent state habeas corpus application, and a motion requesting leave from the Fifth Circuit to file a successive federal habeas corpus petition.

This court denied Mr. Wood's federal habeas relief almost two decades ago. *See Wood v. Dretke*, No. 3:01-CV-2103, 2006 WL 1519969 (N.D. Tex. June 2, 2006). Subsequently, the Fifth Circuit denied Mr. Wood a Certificate of Appealability. *See Wood v. Quarterman*, 503 F.3d 408

Order – Page 1

(5th Cir. 2007), *cert. denied*, 552 U.S. 1314 (2008). In 2016, the Fifth Circuit also denied a motion filed on behalf of Mr. Wood by Mr. Wiercioch for authorization to file a successive federal habeas petition. *See In re Wood*, 648 F. App'x 388 (5th Cir. May 12, 2016).

There are a number of problems with appointing Mr. Wiercioch as additional counsel for Petitioner at this juncture. First, Mr. Wood has been represented by competent, non-conflicted federal habeas counsel (the FPD) for several months, and there is still a considerable amount of time before Mr. Wood's scheduled execution within which the FPD can file a state clemency petition, a subsequent state habeas application, or a motion for leave to file a successive federal habeas petition on Mr. Wood's behalf. Second, the FPD previously represented to this court that it was fully capable of representing Mr. Wood, and, when it sought appointment to represent Mr. Wood, there was no suggestion that the participation of Mr. Wiercioch or any other outside counsel would be needed. Third, because Mr. Wiercioch represented Petitioner for many years in state habeas proceedings, as well as a prior federal habeas proceeding before the Fifth Circuit, the potential for conflicts of interest could arise if Mr. Wiercioch filed pleadings in this or any federal court asserting new claims on behalf of Wood.

Any *new* federal habeas claims that Mr. Wiercioch might file on behalf of Wood would also potentially be barred by limitations or procedural default principles, in part because they were not previously raised in the state and federal habeas proceedings in which Mr. Wiercioch represented Mr. Wood. *See Speer v. Stephens*, 781 F.3d 784, 785-87 (5th Cir. 2015) (recognizing the potential for a conflict of interest when the same attorney represented a federal habeas petitioner in both the state habeas and federal habeas proceedings and appointment of additional counsel was for the limited purpose of investigating whether Speer had additional claims that should have been brought in a prior federal habeas proceeding).

**Order – Page 2**

"Capital habeas petitioners have a statutory right to conflict-free counsel." *Clark v. Davis*, 850 F.3d 770, 779 (5th Cir. 2017) (footnote and citations omitted).  The FPD, however, is fully capable of furnishing Mr. Wood with conflict-free representation in this case and determining whether he has any additional claims that should have been previously brought.  As such, the "interests of justice" do not require appointment of potentially conflicted additional federal habeas counsel at this time.  *See Martel v. Clair*, 565 U.S. 648, 657-62 (2012).  There is also no indication that Mr. Wood has waived any potential conflict that might arise from Mr. Wiercioch's representation of him in prior state or federal habeas proceedings.

Moreover, Mr. Wood is currently represented by fully capable and non-conflicted federal habeas counsel.  Appointing Mr. Wiercioch as co-counsel for Mr. Wood at this time would likely delay the disposition of any additional state or federal habeas pleadings that Mr. Wood might wish to file to challenge his conviction or sentence.  It would also likely delay his execution for no other reason than the legal confusion and possible conflict of interest that could arise from having Mr. Wood's state habeas counsel represent him in a subsequent federal habeas proceeding.  *See, e.g., In re Johnson*, 935 F.3d 284, 287-88 (5th Cir. 2019) (case involving conflict that arose when state habeas counsel attempted to continue his representation of a state inmate seeking federal habeas relief).

Accordingly, for all of these reasons, the court **denies** Petitioner's Motion (Doc. 59).

**It is so ordered** this 27th day of November, 2024.

Sam A. Lindsay
United States District Judge